IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CYNTHIA O.[1],                                    Case No. 6:21-cv-01452-HL

       Plaintiff,                           **OPINION AND ORDER**

   v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

       Defendant.

_____

HALLMAN, United States Magistrate Judge:

    Plaintiff Cynthia O. brings this action under the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"). The Commissioner denied Plaintiff's application for Disability

_____

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name for non-governmental parties and their immediate family members.

PAGE 1 – OPINION AND ORDER

Insurance Benefits ("DIB") under Title II of the Act. 42 U.S.C. § 401 *et seq*. For the reasons discussed below, this case is reversed and remanded for further proceedings consistent with this opinion.

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

PAGE 2 – OPINION AND ORDER

## BACKGROUND

**I.   Plaintiff's application**

Plaintiff protectively filed an application for DIB on February 2, 2015. Tr. 173-74. Plaintiff's application was denied initially and on reconsideration, and she requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 80-102. Plaintiff testified before ALJ Steven De Monbreum at an administrative hearing on February 9, 2017. Tr. 39-79. On April 20, 2017, ALJ De Monbreum issued a decision denying Plaintiff's claim. Tr. 15-38. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1-7. On March 13, 2018, Plaintiff appealed the Commissioner's decision to the District Court. Tr. 835-39.

The District Court reversed the ALJ's decision and remanded the matter for further proceedings on June 20, 2019. Tr. 840-63; *Cynthia O. v. Berryhill*, No. 6:18-CV-00446-YY, 2019 WL 2550319, at *2-9 (D. Or. June 20, 2019). The District Court's remand order instructed the Commissioner to accept Plaintiff's testimony or provide legally sufficient reasons for rejecting it; order a consultative psychiatric examination by an acceptable medical source; obtain additional vocational expert ("VE") testimony regarding what work Plaintiff can perform, if any; and conduct additional proceedings as appropriate. Tr. 863. The Appeals Council remanded the case to the ALJ, and two further administrative hearings were held, on July 23, 2020, and April 13, 2021. Tr. 764-803. On June 8, 2021, the ALJ again issued a decision finding Plaintiff not disabled. Tr. 736-63. Plaintiff appealed the Commissioner's decision to this Court.[2]

---

[2] The parties have consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636. ECF 6.

## II. Sequential Disability Process

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141. At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any

limitations his impairments impose.  20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c).

At step four, the Commissioner determines whether the claimant can perform "past relevant work."  *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner.  *Yuckert*, 482 U.S. at 146 n. 5.

Finally, at step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy.  *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f).  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1566, 416.966.

### III.    The ALJ's Decision

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of February 11, 2013, through her date last insured of December 31, 2017.  Tr. 742.

At step two, the ALJ determined that Plaintiff has the severe impairments of anxiety disorder (including agoraphobia); posttraumatic stress disorder ("PTSD"); affective disorder; gambling addiction; and eating disorder. Tr. 742.

At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment.  Tr. 743.  The ALJ then assessed Plaintiff's residual functional capacity ("RFC"), finding that during the relevant period, Plaintiff retained the ability to perform a full range of work at all exertional levels but with the limitations that Plaintiff have "no more than frequent interaction with the public [and] no close cooperative work with coworkers." Tr. 745.

At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a secretary. Tr. 751. At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that in addition to Plaintiff's past relevant work, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, including general administrative clerk, data entry clerk, and billing typist. Tr. 752. The ALJ therefore concluded that Plaintiff was not under a disability from February 11, 2013, through December 31, 2017, her date last insured. Tr. 753.

## DISCUSSION

In this appeal, Plaintiff argues that the ALJ erred by (1) discounting Plaintiff's statements about the severity of her symptoms; (2) failing to obtain additional vocational expert testimony; and (3) discounting the opinion of consultative examiner Pamela Roman, Ph.D. As is explained below, the Court finds that the ALJ erred in failing to comply with the prior remand order from the District Court with respect to Plaintiff's testimony and obtaining additional VE testimony. This Court does not find error with respect to the ALJ's consideration of Dr. Roman's opinion. The Commissioner's decision is therefore reversed and remanded for further proceedings.

**I.    Plaintiff's Subjective Symptom Testimony**

Plaintiff first argues that the ALJ erred by discounting her statement about the nature and degree of her symptoms and limitations. The ALJ is required to provide "specific, clear and convincing reasons" to discount a claimant's testimony. *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). To discredit plaintiff's symptom testimony, the ALJ must make a "determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

Plaintiff's primary contention is that the ALJ erred in relying on the same five reasons for discounting her subjective symptom testimony that the District Court previously found were not supported by substantial evidence. *See* Pl. Brief, ECF 15 at 5-13. The District Court ordered the ALJ to either accept Plaintiff's testimony or provide legally sufficient reasons for rejecting it. Tr. 863. The District Court considered each of the ALJ's reasons for finding Plaintiff's symptom testimony unpersuasive and found each of these were "not supported by substantial evidence." Tr. 851-6. These included 1) Plaintiff's symptom improvement; 2) alleged inconsistent statements; 3) Plaintiff's activities; 4) alleged exaggerated symptom reports; and 5) reports of retirement. Tr. 26-8.

On remand, the ALJ discounted Plaintiff's testimony that she was unable to work during the relevant period because of her mental impairments. Tr. 272-79, 794-802. In doing so, the ALJ restated reasons from his prior opinion for rejecting Plaintiff's testimony. Tr. 747-48. These included the reasons that the District Court specifically found to fall short of the substantial evidence standard: Plaintiff's activities, allegedly inconsistent statements, symptom improvement, alleged exaggeration of symptoms, and reports of retirement. *Id*. In each case, the ALJ supported his reasoning with evidence that the District Court rejected as insufficient. In short, the ALJ failed to follow the District Court's instructions on remand.

The ALJ's failure to follow the remand instructions from the District Court was legal error. An ALJ must obey a remand order from a federal court and "cannot vary or examine that mandate for any purpose other than executing it." *Stacy v. Colvin*, 825 F.3d 563, 568 (9th Cir. 2016) (quotation marks omitted). "Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review." *Sullivan v. Hudson*, 490 U.S. 877, 885-86 (1989); *see also Samples v. Colvin*, 103 F. Supp. 3d

PAGE 7 – OPINION AND ORDER

1227, 1233 (D. Or. 2015) ("ALJ . . . has a duty to follow a remand order from a higher reviewing body[.]"); *Almarez v. Astrue*, No. EDCV 09-00140-MAN, 2010 WL 3894646, at *3 (C.D. Cal. Sept. 30, 2010) (discussing law of the case doctrine in the social security context); *see, e.g., Wick v. Astrue,* No. CIV. 08-6108-MO, 2009 WL 2393106, at *3 (D. Or. July 31, 2009) (legal error for the ALJ to repeat the findings regarding symptom testimony that were previously rejected as insufficient).

The Commissioner does not dispute that the ALJ relied on reasons for rejecting Plaintiff's testimony that the District Court previously found insufficient, and instead argues that any error was harmless because the ALJ relied on a new reason for rejecting Plaintiff's testimony. *See* Def. Brief., ECF 16 at 3-4.[3] Specifically, the ALJ noted that Plaintiff's testimony was contradicted by the medical evidence and cited the testimony of medical expert Colette Valette, Ph.D., Tr. 750, who reviewed the entire record and opined that Plaintiff did not have any work-related limitations during the relevant period. Tr. 782-92. Although the ALJ ultimately found that Plaintiff had some social limitations not assessed in Dr. Valette's opinion, he found Dr. Valette's assessment persuasive to the extent that it showed Plaintiff's limitations during the relevant period were not as significant as alleged. Tr. 745, 750.

In light of this testimony, the Commissioner argues that Dr. Valette's opinion constitutes medical opinion evidence that contradicts Plaintiff's testimony and therefore provides a legally sufficient reason to reject Plaintiff's testimony. Def. Brief at 4 (citing *Carmickle v. Comm'r*, 533 F.3d 1155, 1161 (9th Cir. 2008)). The Commissioner thus asserts that the ALJ's violation of the law of the case doctrine does not result in harmful error.

---

[3] Plaintiff identifies "a couple of new reasons" that the ALJ included to discredit her testimony. Pl. Brief at 10-13. The Commissioner does not address those reasons, and instead focuses on the testimony of Dr. Valette.

PAGE 8 – OPINION AND ORDER

The Commissioner's argument missed the mark. An ALJ's failure to follow the remand orders of this Court is legal error, not subject to harmless error analysis. *See Sullivan*, 490 U.S. at 885-86. Thus, even if Dr. Valette's opinion could potentially provide one legally sufficient reason for rejecting Plaintiff's testimony, it does not excuse the ALJ's failure to comply with the remand orders of this Court. It was *legal error* for the ALJ to rely on reasons for rejecting Plaintiff's subjective symptom testimony that were previously rejected by the District Court. Another remand is warranted. On remand, the ALJ must again evaluate Plaintiff's testimony without reliance on any reasons that, based on the prior opinion of the District Court, were not supported by substantial evidence.

## II.     Failure to obtain additional VE testimony

Plaintiff also argues that the ALJ erred because he did not obtain additional VE testimony during the most recent administrative hearing in accord with the prior District Court opinion. The District Court ordered the ALJ to obtain additional VE testimony regarding what work Plaintiff could do, if any, given her RFC. Tr. 863. At the most recent administrative hearing, a VE was present but did not testify. Tr. 779-803. The Commissioner agrees that the ALJ's failure to elicit testimony from the VE "may have" been error but argues that any error was harmless because the RFC had not changed. Def. Brief at 6.

Again, the ALJ's failure to follow the District Court's order on remand was legal error that necessitates further remand. To be sure, the ALJ was correct that the expanded record did not necessitate additional VE testimony. *Compare* Tr. 24 and Tr. 745. But the issue is not whether the ALJ deemed it necessary to follow the District Court's remand order. Rather, the issue is whether the ALJ followed the District Court's remand order, which he did not. *See Stacy*, 825 F.3d at 568 (9th Cir. 2016) (an ALJ cannot contradict the remand order but may

PAGE 9 – OPINION AND ORDER

decide an issue that is not foreclosed by the order). Consequently, this case must be remanded for further proceedings consistent the District Court's prior order.

### III.   Medical Opinion Evidence

Plaintiff argues that the ALJ improperly evaluated the medical opinion of examining physician Pamela Roman, Ph.D.[4] "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009) (citation omitted). "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'" *Id.* (quoting *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002)). "An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and legitimate reasons that are supported by substantial evidence [in the record].'" *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison*, 759 F.3d at 1012 (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (quoting *Reddick*, 157 F.3d at 725). "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it,

---

[4] The new regulations that govern how ALJs must evaluate medical opinion evidence do not apply here because Plaintiff filed her applications before March 27, 2017. *See Woods v. Kijakazi,* 32 F.4th 785, 789 (9th Cir. 2022) (addressing the new regulations that apply to Social Security applications filed on or after March 27, 2017).

asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id*. at 1012-13 (citation omitted).

Dr. Roman performed a consultative examination of Plaintiff on September 14, 2020, almost three years after the end of the relevant disability period. Tr. 1820-29. Dr. Roman opined that Plaintiff experienced significant decomposition after 2011 due to her mental health issues and suffered significant mental limitations during the relevant period. *Id.*

As an initial matter, Dr. Roman's opinion was contradicted by the opinions of state agency psychological consultants, who reviewed the medical evidence in June 2014 and January 2015. The ALJ was therefore required to provide specific and legitimate reasons supported by substantial evidence for rejecting Dr. Roman's opinion. *Ghanim*, 763 F.3d at 1161.

The ALJ considered Dr. Roman's opinion but assigned it little weight, noting that it was completed after Plaintiff's date last insured and that Dr. Roman only reviewed records from 2017 through 2020. Tr. 750. The ALJ may assign less weight to the opinion of a medical source who examines a claimant after the relevant period. *Macri v. Chater*, 93 F.3d 540, 545 (9th Cir. 1996). Here, the ALJ acknowledged that Dr. Roman only considered records from the final year of the relevant period and relied on Plaintiff's subjective testimony in 2020 to assess Plaintiff's level of functioning during the relevant period. As discussed above, the ALJ rejected Plaintiff's subjective testimony as unpersuasive regarding the nature and extent of her limitations, although the ALJ did find that Plaintiff had some severe impairments. The timing of Dr. Roman's assessment and its reliance on Plaintiff's testimony regarding her past limitations constitutes a specific, legitimate reason for rejecting Dr. Roman's opinion. *Macri*, 93 F.3d at 545.

PAGE 11 – OPINION AND ORDER

Plaintiff argues that the ALJ's weighting of the medical evidence was not reasonable, because it relied upon the opinion of non-examining physician Dr. Valette, who opined that Plaintiff suffered some mental health issues but did not suffer any work-related limitations during the relevant period. Tr. 782-92. The ALJ found Dr. Valette's opinion partially persuasive and included social limitations in the RFC that were not assessed in Dr. Valette's opinion. Tr. 745. While Plaintiff correctly notes that a non-examining physician's opinion "with nothing more" does not constitute substantial evidence, the ALJ here cited to specific, legitimate reasons for rejecting Dr. Roman's opinion: its reliance upon Plaintiff's 2020 testimony; and its basis in medical records mainly dated after the relevant period. Tr. 750. On this record, the ALJ provided legally sufficient reasons for rejecting Dr. Roman's controverted opinion. *Ghanim*, 763 F.3d at 1161.

## IV.     Remedy

Because the ALJ's decision contains legal error, reversal is warranted. *See Sullivan*, 490 U.S. at 885-86. Further, this Court cannot remand for payment of benefits solely because the ALJ failed to follow the remand orders. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). Instead, it must conduct the three-part credit as true analysis to determine whether Plaintiff is in fact disabled. *Id*.

Plaintiff cannot satisfy the credit-as-true standard. Generally, where "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand," the district court should remand for payment of benefits. *Garrison*, 759 F.3d at 999. Even where all the

requisites are met, however, a court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Id*. at 1021.

Plaintiff asserts that "if either Dr. Roman's assessment or [her] testimony is credited as true . . ., the ALJ would be required to find her disabled under the Social Security Act." Pl. Brief at 18-19. As discussed above, the ALJ provided legally sufficient reasons for rejecting Dr. Roman's assessment. Moreover, the ALJ's legal error in failing to follow the remand order does not equate to a finding that the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's testimony. Accordingly, Plaintiff cannot satisfy the first prong of the credit-as-true standard, and the case must remanded for further proceedings consistent with this opinion.

## CONCLUSION

Based on the foregoing, pursuant to 42 U.S.C. § 405(g), sentence four, the Court REVERSES the Commissioner's decision and REMANDS this case for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this  29  day of September 2022.

ANDREW HALLMAN
United States Magistrate Judge